UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

First Resource Bank, as assignee
of the Federal Deposit Insurance
Corporation, as receiver of
Patriot Bank Minnesota,

Civil No. 12-206 (PAM/SER)

Plaintiff,

v.

**MEMORANDUM AND ORDER**

Marvin A. Rehbein, individually,
and Marvin Rehbein, Trustee of the
Marvin Rehbein Living Trust,

Defendants.

From June 24 to July 1, 2013, the Court held a jury trial in this case involving the allegedly preferential transfer of assets. The jury determined that, although Defendant Marvin Rehbein knew or should have known that Myrna Rehbein was insolvent at the time she gave him a mortgage on her home, the mortgage was given in the ordinary course of Myrna Rehbein's and Marvin Rehbein's business or financial affairs, and thus was not a voidable transfer. (Verdict (Docket No. 128).) Plaintiff First Resource Bank now seeks judgment as a matter of law or, in the alternative, a new trial.

First Resource argues that the evidence at trial did not support Defendants' claimed "ordinary course" defense, that the Court erred in allowing Defendants to propound this defense in the first instance, and that allowing the verdict to stand will result in a miscarriage of justice. For the reasons that follow, First Resource's Motion is denied.

A.  **Standard of Review**

When ruling on a renewed motion for judgment as a matter of law under Rule 50(b), the Court must "view the evidence in the light most favorable to the prevailing party and must not engage in a weighing or evaluation of the evidence or consider questions of credibility." Employers Mut. Cas. Co. v. Collins & Aikman Floorcoverings, Inc., 422 F.3d 776, 779 (8th Cir. 2005) (quotations omitted). Viewing the evidence in this way, the Court then determines "whether there is sufficient evidence to support the jury's verdict." White v. Pence, 961 F.2d 776, 779 (8th Cir. 1992). Put another way, to grant a motion for judgment as a matter of law, "all the evidence must point one way and be susceptible of no reasonable inference sustaining the position of the nonmoving party." Id.

The standards for granting a new trial differ substantially from those at issue in motions for judgment as a matter of law. To succeed in a motion for new trial, the movant must establish that the verdict is against the great weight of the evidence. Fireman's Fund Ins. Co. v. Aalco Wrecking Co., 466 F.2d 179, 187 (8th Cir. 1972). "In determining whether a verdict is against the weight of the evidence, the trial court can rely on its own reading of the evidence—it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." Ryan v. McDonough Power Equip., 734 F.2d 385, 387 (8th Cir. 1984) (citations omitted). However, the "trial judge may not usurp the functions of a jury." White, 961 F.2d at 780. "Where the subject matter of the litigation is simple; where there exists no complicated evidence or where the legal principles presented are such that they would not confuse the jury, the court should be reluctant to grant

a new trial." Fireman's Fund, 466 F.2d at 187. Indeed, a new trial is appropriate only to avoid a "miscarriage of justice." Id.

**B.      Judgment as a Matter of Law**

First Resource makes two arguments in support of its contention that it is entitled to judgment as a matter of law. First, First Resource contends that, because Defendants' affirmative defense that raised the "ordinary course" defense contended that the mortgage was "legally mandated," Defendants were bound to prove the same. According to First Resource, Defendants did not propound any evidence that the mortgage was legally mandated.

The Court determined that Defendants' seventh affirmative defense sufficiently raised the ordinary course defense. (Docket No. 110.) Although First Resource may disagree with this conclusion, the Court will not revisit the issue. Because the seventh affirmative defense raised the ordinary course defense, Defendants' burden was to prove the ordinary course defense, not the specific, perhaps inartful, language they chose to describe that defense. First Resource's argument is without merit.

Next, First Resource contends that there was insufficient evidence to support the ordinary course defense. The Court disagrees. Indeed, in the Court's opinion there was more than sufficient evidence to support the jury's determination that the ordinary course defense applied. First Resource's second argument is also without merit, and the Motion for Judgment as a Matter of Law must be denied.

## C. New Trial

First Resource argues in the alternative that it is entitled to a new trial for the reasons discussed above and for an additional reason: that the verdict was against the manifest weight of the evidence. As discussed, the Court will not revisit its determination that Defendants could pursue the ordinary course defense, nor were Defendants required to establish that the mortgage was legally mandated.

Finally, the mortgage was not against the manifest weight of the evidence. Having considered all of the evidence presented, the Court is convinced that the jury decided the case correctly. This was a simple, straightforward case, involving no complicated legal principles. The jury's decision is not a reflection of any confusion on the jury's part, but rather an indication that the jury saw the case very differently than did First Resource. Throughout this case, and especially during trial, First Resource painted Marvin Rehbein as an unmitigated villain. This characterization obviously did not convince the jury, nor did it convince the Court. Rather, the jury saw a person trying to help a relative, who had no intention of cheating the bank or anyone else out of any money. Having decided to pursue an all-or-nothing strategy against Marvin Rehbein, First Resource must live with the consequences.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Plaintiff's Motion for Judgment as a Matter of Law, or in the alternative, a New Trial (Docket No. 131) is **DENIED**.

Dated: August 27, 2013

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge